1  SCOTT N. SCHOOLS (SCBN 9990)
   United States Attorney
2
   BRIAN J. STRETCH (CABN 163973)
3  Chief, Criminal Division

4  DEREK R. OWENS (CABN 230237)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102
       Telephone: (415) 436-6488
7      Facsimile: (415) 436-7234
       E-mail: derek.owens@usdoj.gov
8
   Attorneys for Plaintiff
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                         SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,    )      No. CR 07-0353 JSW
14                              )
            Plaintiff,           )
15                              )      UNITED STATES' SENTENCING
        v.                      )      MEMORANDUM
16                              )
   KWONG YEEN EDMOND LOOI,      )
17                              )      Hearing:    September 20, 2007
            Defendant.           )      Time:       2:30 p.m.
18                              )      Courtroom:  2, 17th Floor
                                )                  Hon. Jeffrey S. White
19                              )
                                )
20  _____)

INTRODUCTION

On July 10, 2007, defendant Kwong Yeen Edmond Looi pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). This Court has set September 20, 2007, at 2:30 p.m. as the date for judgment and sentencing. The government submits the following sentencing memorandum in order to advise the Court of the government's sentencing guideline calculations, any objections to the presentence report ("PSR"), and its sentencing recommendation.

GUIDELINES CALCULATION

The government has calculated that the defendant's criminal history category is a I, and the appropriate adjusted offense level is 24. This places the defendant in Zone D of the Sentencing Guidelines, with a range of 51 to 63 months of imprisonment. For the reasons below, the government is recommending a sentence of 46 months custody and five years of supervised release. Such a sentence will properly account for the factors in Title 18, Section 3553(a).

BACKGROUND

A.   Defendant's Offense Conduct.

In 2006, the United States Postal Inspection Service ("USPIS") was conducting an undercover internet operation focusing on individuals trafficking in child pornography on the internet and through the United States Mail. Defendant responded to one of the USPIS message postings that was offering to sell hardcore child pornography. From July 19, 2006, through April 11, 2007, USPIS exchanged email messages with defendant regarding the sale of various DVD's containing child pornography. In these email messages, defendant made plans to purchase some of the DVD's for $20 each when he arrived in California from Singapore. Prior to making the purchase, defendant emailed the undercover USPIS agents to terminate the deal. In his email, defendant stated that he would not be flying into San Jose and he was not going to purchase the DVD's. The USPIS agents continued the investigation and learned that although not carrying through with the DVD purchase, defendant was still flying in from Singapore.

On April 15, 2007, defendant arrived at San Francisco International Airport (SFO) aboard a flight from Singapore. Defendant was referred to secondary inspection based on U.S.

Customs' authority to conduct border searches, as well as the previous investigation. After defendant claimed ownership of the luggage, Customs and Border Protection ("CBP") searched his knapsack and found a laptop computer, two external hard drives, and several memory sticks. CBP found several folders and subfolders with names like "girls," "boys," "girls young," and "girls teen." Agents reviewed the folders and found numerous child pornography images and movies. One of these movies, "9yo vicky stripping and sucking (kiddy pedo illegal underage preteen).mpeg," contains a young female who appears to be between the ages of nine and twelve engaging in sexual acts with an adult.

When confronted by agents, defendant admitted he downloaded the sexually explicit images of minors on his hard drive from bulletin board systems that he accessed via the internet. Defendant also admitted to corresponding with USPIS agents to purchase DVD's from them before he aborted the deal.

B. <u>Defendant's Past Criminal History</u>

The defendant has no criminal history.

## ARGUMENT

I. THE COURT SHOULD IMPOSE A SUBSTANTIAL CUSTODIAL SENTENCE.

After <u>Booker</u>, a sentencing court must use the Guidelines as a "starting point." The Guidelines do not dictate a presumptively reasonable sentence. Rather, the Guidelines are simply one factor for the sentencing court to consider. <u>United States v. Zavala</u>, 443 F.3d 1165, 1170-71 (9th Cir. 2006). As the Ninth Circuit recently held, sentencing courts "must properly use the Guideline calculation as advisory and start there, but they must not accord it greater weight than they accord the other § 3553(a) factors. Rather, they must consider all of the information before them, as they used to do, and then reach for the correct sentences under all of the circumstances." <u>Id.</u> at 1171.

Under 18 U.S.C. § 3553(a), the sentencing court must consider the following factors in addition to the sentence specified by the Guidelines:

    1.    "the nature and circumstances of the offense";

    2.    "the history and characteristics of the defendant";

        3.     "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter; "to protect the public . . .";

        4.     and to provide treatment and rehabilitation.

   A.   <u>A Sentence of 46 months is Reasonable and Warranted In This Case</u>

The Guideline range for the offense conduct is 51 to 63 months. The government recommends a five month variance from the Guideline range which results in a custodial sentence of 46 months. The defendant has earned this 46 month custodial sentence for the following reasons:

        1.     <u>"the nature and circumstances of the offense"</u>

The instant offense occurred after the defendant had aborted a plan to purchase child pornography. That said, a number of the images in the defendant's collection represent some of the most extreme forms of child pornography available on the internet, depicting young children engaged in sex acts with adults. Defendant's conduct in amassing these vile images has contributed to the exploitation of children by fueling the market for child pornography, and such a market can exist only if children are exploited and molested.

Two facts that mitigate the defendant's actions in this case are: 1) his termination of the deal to purchase DVD's, and 2) his early and extraordinary acceptance of responsibility for this offense. Both of these combined with his willingness to volunteer to participate in the federal sex offender treatment program while incarcerated show his seriousness in acceptance of punishment and rehabilitation.

        2.     <u>"the history and characteristics of the defendant"</u>

The history of the defendant includes an education and professional life in Singapore. He is a young man who has no criminal history or indications that he has had any other problems with law enforcement. The defendant also has a wife and an extensive network of family and friends who are offering support through these criminal proceedings.

CR 07-0353 JSW                                    4

      3.    <u>"the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law," to deter; and "to protect the public,"</u> and to provide treatment and rehabilitation.

The Court should find that a substantial period of custody is necessary "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a). In this case, defendant contributed to the industry of child exploitation by possessing the pornographic images. This is a serious offense that requires a just punishment. The government's recommendation of 46 months serves the goals of punishment under § 3553(a). This sentence – nearly four years – represents a substantial amount of prison time as punishment, particularly for a defendant who has no criminal history. This recommendation incorporates the aggravating factors of the offense while at the same time recognizing that defendant has admitted guilt early in the case and is eager to receive treatment for his problem. The government submits that such treatment will enhance defendant's opportunity for successful rehabilitation.

## CONCLUSION

When balancing all of the factors of § 3553(a), the government submits that this sentence will serve the goals of deterrence, punishment and community safety, while at the same time taking into account the nature of the offender and the opportunity for rehabilitation. For the reasons set forth above, the government recommends the Court impose a custodial sentence of 46 months, and a supervised release term of five years.

DATED: September 13, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/ Derek R. Owens
_____
DEREK R. OWENS
Assistant United States Attorney